IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CORY EUGENE FRANCE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:18CV188 |
| ) | |
| KENNETH LASSITER, ) | |
| ) | |
| Respondent. ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. In the Petition, he states that he is attacking a conviction and sentence received in case 09CRS052770 in the Superior Court of Cabarrus County, North Carolina, on April 1, 2011. If correct, this Petition cannot be further processed because court records reveal that Petitioner already attacked the same conviction and sentence in a previous § 2254 petition [No. 1:13CV250]. Consequently, Petitioner must apply to the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider any petition attacking that conviction and sentence, as required by 28 U.S.C. § 2244(b)(3)(A). This Court cannot consider a second or successive petition unless that authorization first issues. Petitioner does not claim that he received authorization to file a successive petition.

Nevertheless, a review of the substance of the claims raised in the Petition reveals that Petitioner does not actually seek to attack the listed conviction and sentence, but instead challenges a prison disciplinary conviction. However, even viewed as a challenge to the prison disciplinary conviction, the Petition still cannot be further processed for the following reason:

1. Petitioner indicates that he has not exhausted available state remedies as required by 28 U.S.C. § 2254(b) and, in fact, indicates that his attempts at receiving state relief remain pending. This Court cannot grant relief unless state remedies have been exhausted. Id.

Because of this pleading failure, the Petition should be dismissed without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defect noted by exhausting his state remedies. Further, it appears that the Petition, if challenging the disciplinary conviction, is not properly filed in this District. Under 28 U.S.C. § 2241(d), "[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 497(1973). In this case, Petitioner is presently in custody in Anson County, within the territorial jurisdiction of the Western District of North Carolina. It further appears that Petitioner was convicted and sentenced for the prison disciplinary infraction he

-2-

challenges while housed in Pender Correctional Institution, within the territorial jurisdiction of the United States District Court for the Eastern District of North Carolina.  Petitioner actually filed his Petition in the Eastern District, which transferred the case in that Court.  However, that court transferred the matter on the basis of the Cabarrus County conviction listed in the Petition.  As discussed above, Petitioner does not actually appear to challenge that conviction and could not do so without permission from the Fourth Circuit.  If this is correct, in making any refiling in a proper district, Petitioner should avoid confusion by listing his prison disciplinary conviction as the conviction being challenged, not his Cabarrus County conviction.[1]  After exhausting any available state remedies, Petitioner should seek the proper forms from the Eastern or Western Districts and file a habeas petition in one of those districts.  The addresses for the Clerks are: Eastern District - 310 New Bern Ave., Room 574, Raleigh, NC 27601; Western District - Room 210, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC  28202.  If Plaintiff files a § 2254 Petition in this District, he should address whether the case should be transferred to the Eastern or Western Districts of North Carolina.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

---

[1] If Petitioner actually intends to challenge his conviction from Cabarrus County, he should request the proper forms from the Clerk's Office of this Court and seek authorization from the Fourth Circuit.

-3-

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition and is filed in a proper district.

This, the 15th day of March, 2018.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**